IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALAIN F. KERN, HARLEY R. COBERLY,
CARSON FOGG, PERRY L. HARRIS,
GEORGE J. HINKLE, RICKY L. MORRISON,
and FREDERICK L. SMITH,

    Plaintiffs,

v.                       CIVIL ACTION NO. 1:04CV262
                              (Judge Keeley)

VERIZON COMMUNICATIONS, INC. and
VERIZON WEST VIRGINIA INC.,

    Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is a motion to dismiss filed by the defendants, Verizon Communications, Inc. and Verizon West Virginia, Inc. (collectively "Verizon") on December 30, 2004. The motion, which the Court construes as a motion for summary judgment, is fully briefed and ripe for review. For the following reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the motion and **DISMISSES** the case **WITHOUT PREJUDICE**.

### I. BACKGROUND[1]

Until their retirement in November, 2003, Alain Kern, Harley Coberly, Carson Fogg, Perry Harris, George Hinkle, Ricky Morrison, and Frederick Smith (collectively, "the Plaintiffs") were employees

---

[1] The Court's brief summary of the relevant facts is stated in a light most favorable to the Plaintiffs. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

of Verizon. On or about October 14, 2003, Verizon notified its employees of an upcoming offer of a severance payment package in exchange for voluntary resignation. The Plaintiffs applied for the benefits, but Verizon determined that they were not eligible. Only one plaintiff, Harley Coberly, received written notice of his claim denial. The other plaintiffs received verbal notice of the denial.

To challenge the claim decision, the Plaintiffs filed grievances pursuant to the collective bargaining agreement (or "the Agreement") between Verizon and the Communication Workers of America. In their grievances, they contend that a Verizon supervisor advised plaintiff Alain Kern that his only recourse was to pursue a grievance.

The plaintiffs' attempt to grieve Verizon's denial of their application for benefits was unsuccessful, however, because the claims were not subject to arbitration under the terms of the Enhanced Income Security Plan ("EISP"). Consequently, the Plaintiffs filed suit against Verizon in the Circuit Court of Harrison County, alleging breach of contract, misrepresentation and violation of the West Virginia Wage Payment and Collection Act, W. Va. Code § 21-5-1.

On December 22, 2004, Verizon removed the case to this Court, asserting that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, and the Labor Management Relations Act

("LMRA"), 29 U.S.C. § 185(a), completely preempt the Plaintiffs' claims. On December 30, 2004, Verizon moved to dismiss the claims as unexhausted under ERISA and time-barred under LMRA. After the parties briefed the motion, the Court held a hearing on the matter on March 11, 2005 and requested supplemental briefing on the following issue relating to the notice received by the Plaintiffs regarding their claim denial: 1) whether the EISP afforded a reasonable opportunity for full and fair review of the claim, and 2) whether any provisions of the Agreement are necessarily incorporated by the EISP, although not specifically included in the terms of the EISP. Both parties submitted supplemental briefs on March 30, 2005, and the case is ripe for review.

## II. STANDARD OF LAW

Because the Court has considered materials outside the pleadings, it must treat the pending motion to dismiss as a motion for summary judgment. Fed. R. Civ. Pro. 12(b). A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In considering a motion for summary judgment, the court is required to draw reasonable inferences from the facts in a light most favorable to the nonmoving party. Id.

The moving party has the burden of initially showing the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the burden shifts to the nonmoving party to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

### III. ANALYSIS

The parties do not dispute that the Plaintiffs state claims under ERISA and have not exhausted their administrative remedies with respect to those claims. Thus, the briefings for the motion to dismiss raise two distinct issues: (1) whether the LMRA concurrently preempts and bars the Plaintiffs' claims under the applicable six month statute of limitation, and (2) whether the Court should waive the general requirement for exhaustion of

remedies under the circumstances of this case. The Court will address each issue in turn.

### A.   *LMRA Preemption*

Verizon maintains that the Plaintiffs' state law claims are preempted by the LMRA because they require the interpretation of Verizon's collective bargaining agreement ("the Agreement") with the Communication Workers of America.

Under § 301 of the LMRA,

> [a] state law claim is preempted when resolution of the claim "requires the interpretation of a collective-bargaining agreement," or is "inextricably intertwined with consideration of the terms of the labor contract." "[T]he bare fact that a collective bargaining agreement will be consulted in the course of state-law litigation plainly does not require [preemption]."

Foy v. Giant Food, Inc., 298 F.3d 284, 287 (4th Cir. 2002) (quoting, respectively, Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988); Lueck, 471 U.S. at 213; and Livadas v. Bradshaw, 512 U.S. 107, 124 (1994)) (other citation omitted).

In the case at bar, Verizon fails to identify any specific provisions of the Agreement that require interpretation in order to resolve the Plaintiffs' claims. Instead, Verizon essentially maintains that the Agreement requires interpretation because it created the entitlement to EISP benefits. In support of its position, Verizon relies heavily on two district court cases: Barton v. Creasy Co., 718 F. Supp. 1284 (N.D. W. Va. 1989)

(Maxwell, J.); and Smith v. Logan, Civ. No. 3:04CV581 (E.D. Va. Nov. 5, 2004).

In Barton, the issue presented was "whether [the] action [was] preempted by § 301 of the [LMRA] or whether plaintiffs have presented a state law claim independent of a collective bargaining agreement for § 301 preemption purposes." Barton, 718 F. Supp. at 1285. The plaintiff employees alleged that the defendant employers failed "to provide fringe benefits for vacation pay <u>as provided by the Collective Bargaining Agreement</u> in violation of the West Virginia Wage Payment and Collection Act." Id. (emphasis added). Notably, the parties agreed that the Collective Bargaining Agreement--not an ISP plan--mandated the disputed benefits. Id. Therefore, Judge Maxwell concluded that the employees' claims were preempted by the LMRA. Id. at 1287.

The decision in Barton is factually inapposite to this case because the plaintiffs' claims in Barton clearly implicated terms in a collective bargaining agreement. The claims in this case, by contrast, arise out of the EISP. (See, e.g., Compl. ¶ 21.) Moreover, in Barton, Judge Maxwell declined to rule on the applicability of ERISA to the claims at issue, but noted that ERISA preemption was "questionable." Id. at 1286 n.1. Accordingly, Barton cannot imply that the LMRA necessarily preempts claims arising out of collectively bargained income security plans.

Unlike <u>Barton</u>, the unpublished decision in <u>Smith</u> is factually analogous to this case. After the plaintiff in <u>Smith</u> was denied early retirement benefits under her company's ISP, she asserted state law claims against her supervisor, alleging tortious interference with her business expectancy and contractual relations. The defendant removed the case to federal court pursuant to ERISA and LMRA, and the district court ultimately concluded that the plaintiff's claims were preempted by both statutes. <u>Id.</u> slip op. at 11, 13. Since the suit was not filed within six months of the alleged tortious conduct, the court further concluded that the complaint was time-barred under the LMRA. <u>Id.</u> at 14.

Despite the <u>Smith</u>'s case factual similarity to the case at bar, this Court declines to adopt its reasoning. In <u>Smith</u>, the district court held that the plaintiffs' tortious interference claims required interpretation of the collective bargaining agreement ("CBA") because "the ISP was offered pursuant to provisions of the CBA." <u>Id.</u> at 13. Nonetheless, the court found that, "[s]ince breach of contract is an essential element of tortious interference, resolution of [the] claim requires interpretation of the <u>ISP</u>." <u>Id.</u> at 13 (emphasis added).

The decision fails to explain why the <u>CBA</u> required interpretation to resolve a claim involving the breach of the ISP,

which is a distinct contract between employees and their employer. This omission is particularly troubling given the defendant's apparent inability to identify any provision of the CBA requiring interpretation. Id. at 12. Smith's conclusion, therefore, appears to be inconsistent with established LMRA preemption law insofar as it holds that interpretation of a collective bargaining agreement is necessary to resolve a dispute involving a collectively bargained--but otherwise independent--employment benefits plan.[2] See Foy, 298 F.3d at 287.

In its March 11, 2005 Order, this Court specifically directed the parties to address "[w]hether any provisions of the Collective Bargaining Agreement are necessarily incorporated by the EISP (or ISP) but not included in the terms of the EISP (or ISP)." Verizon's response states that "[t]he Plan *does* include terms of [the Agreement], which are not otherwise included in the terms of the Plan." In elaborating on this confusing assertion, Verizon highlights an EISP provision that allows the plan to be "supplemented" by the Agreement. Verizon also notes that the Agreement "affected" and "extended" the EISP. Nonetheless, Verizon

---

[2] Many, if not most, employment benefits plans are collectively bargained. Yet, under the logic of Smith, virtually any such plan would be preempted by both ERISA and LMRA, while subject to the LMRA's shorter six month statute of limitations. Verizon does not cite (and the Court could not find) any other case that reached this result.

fails to demonstrate that the claims in this case necessarily implicate the analysis of any provision in the Agreement. Therefore, the Court concludes that the LMRA neither preempts nor bars the Plaintiffs' claims relating to the EISP.[3]

## B. Necessity of Exhaustion

The Plaintiffs argue that, by failing to comply with the notice provisions of ERISA, Verizon should be estopped from asserting an exhaustion defense.[4] Specifically, the Plaintiffs contend that Verizon failed to properly notify them of either the denial of their benefits claims or the available procedures to challenge that denial. In response, Verizon asserts that it gave adequate notice of the EISP claims procedure and that the Plaintiffs are required to exhaust their administrative remedies irrespective of their knowledge of those remedies.

---

[3] If, however, the LMRA does preempt any of the Plaintiffs' claims, the Court alternatively finds that the complaint states a separate and independent ERISA claim, which cannot be barred by the LMRA statute of limitations.

[4] The Plaintiffs also suggest that, "[i]deally, Verizon's conduct should result in a finding that the entire protections of ERISA have been waived." (Def. Resp. to Mot. to Dismiss at 6.) In light of the exclusive federal jurisdiction over all ERISA cases, 29 U.S.C. § 1132(e), the Plainttiffs' admittedly unsupported assertion is untenable. See Aetna Health Inc. v. Davila, 124 S. Ct. 2488, 2495 (2004) (unanimously reaffirming that employment benefit plan regulation under ERISA is "exclusively a federal concern") (quotation omitted). Thus, despite the Plaintiffs' appeal to equity, the Court refuses to defy well-settled law to accommodate their "ideal."

"[T]he pursuit and exhaustion of internal Plan remedies is an essential prerequisite to judicial review of an ERISA claim for denial of benefits." Gayle v. United Parcel Service, 401 F.3d 222, 230 (4th Cir. 2005) (citing Makar v. Health Care Corp., 872 F.2d 80, 82 (4th Cir. 1989)) (other citation omitted) (emphasis added). Insisting that claimants adhere to plan remedies vindicates "Congress' apparent intent in mandating . . . internal claims procedures[,] . . . [which] was to minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a nonadversarial dispute resolution process; and decrease the cost and times of claims settlement." Makar, 872 F.2d at 83 (citation omitted); see Gayle, 401 F.3d at 229. Therefore, to circumvent the exhaustion requirement, Plaintiffs must make a "clear and positive" showing that pursuit of plan remedies would be futile. Hickey v. Digital Equip. Corp., 43 F.3d 941, 945 (4th Cir. 1995) (citing Makar, 872 F.2d at 83). "The futility exception . . . is quite restricted, and has been applied only when resort to administrative remedies is 'clearly useless.'" Communication Workers of America v. AT&T, 40 F.3d 426, 433 (D.C. Cir. 1994); see Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 419 (6th Cir. 1998).

In the case at bar, the Plaintiffs do not allege that exhausting their administrative remedies would be "clearly

useless." Rather, they argue that exhaustion should be waived because Verizon failed "to advise employees in writing of the denial of the claim for EISP benefits and to apprise employees of their rights to seek review of such denial." The Plaintiffs, however, do not cite any authority supporting this contention.

Circuit courts have refused to waive the exhaustion requirement in ERISA cases where the claimant was not adequately informed of claims procedures. See Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 133 n.2 (2d Cir. 2001); and Bourgeois v. Pension Plan for Empees. of Santa Fe Int'l Corps., 215 F.3d 475 (5th Cir. 2000). In Bourgeois, for example, the Fifth Circuit required an ERISA claimant to exhaust his administrative remedies, despite finding that "the lack of information and the behavior of various officials of the company led [him] on a wild goose chase . . . ." 215 F.3d at 481.

In sum, the Plaintiffs are unable to clearly and positively demonstrate that the strict requirement of exhaustion should be waived. The Plaintiffs' lack of notice of the plan procedures and the complexity of the plan itself does not outweigh the importance of mandating the private resolution of ERISA claims before judicial review.

## IV. CONCLUSION

For the reasons given, the Court **GRANTS** Verizon's motion for summary judgment (dkt. no. 3) because of the Plaintiffs' failure to exhaust administrative remedies. The Court **DENIES** Verizon's motion as to its statute of limitations defense under LMRA. Therefore, the Court **DISMISSES** the case **WITHOUT PREJUDICE** and **REMANDS** the Plaintiffs' claims to the EISP administrator for further consideration.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: August ___9___, 2005.

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE